**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**

FLOW DYNAMICS, LLC, /
a Delaware Corporation, /
　　　　　　　　　　　　　　　　/
　　　Plaintiff, /
　　　　　　　　　　　　　　　　/
v. /
　　　　　　　　　　　　　　　　/
GREEN4ALL ENERGY SOLUTIONS INC./　　　CASE NO.:_____
a Illinois Corporation, /
　　　　　　　　　　　　　　　　/
and /
　　　　　　　　　　　　　　　　/
DAN HANDLEY /
an individual. /
　　　　　　　　　　　　　　　　/
　　　　　　　　　　　　　　　　/
　　　Defendants. /
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Flow Dynamics, LLC, by and through its undersigned attorney, alleges, upon information and belief, as follows:

## THE PARTIES

1.　　Plaintiff, Flow Dynamics, LLC, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in Encinitas, California.

2.　　Upon information and belief, Defendant Green4All Energy Solutions Inc. is a corporation incorporated under the laws of the State of Illinois having its principal place of business in Chicago, Illinois.

3.　　Dan Handley is the President of Green4All Energy Solutions Inc.

4. This action has arisen under the patent laws of the United States, Title 35 United States Code, Section 271 *et seq.*

5. This Court has original jurisdiction in this matter under 28 U.S.C. §1338(a) as it is an action relating to patents.

6. Venue is predicated under 28 U.S.C. §1391(c) and 28 U.S.C. §1400(b) as the infringement complained of herein has taken place in this judicial district.

## BACKGROUND

7. On April 29, 2014, United States Patent Number 8,707,981 (hereinafter the '981 Patent) entitled "System for Increasing the Efficiency of a Water Meter" was duly and regularly issued to Plaintiff, as assignee of the inventor. *See* Ex. A, U.S. Pat. 8,707,981 B2.

8. Plaintiff is now and has been at all times since the date of issuance of the '981 Patent the owner thereof and of all rights thereto and thereunder. The '981 Patent describes a system that is used to remove entrained water bubbles from a water supply and thereby increase the efficiency of an associated water meter. Plaintiff sells the patented system commercially under the mark "Smart Valve™."

9. Upon information and belief, Defendant Green4All manufactures, uses, or sells a competing system under the mark "H2minusO®." The H2minusO® is advertised as having the ability to correct billable consumption rates by increasing the efficiency of water meter readings.

10. The H2minusO® is depicted below:



--2--

11. The H2minusO® directly infringes one or more claims of the '981 Patent.

12. Defendant Green4All's website notes that the H2minusO® is currently in use in this judicial district.  Specifically, the H2minusO® was installed in the Palm Beach House Condominium on Flager Drive in West Palm Beach, Florida.  *See* Ex. B, http://h2minuso.com/florida-condo-sees-26-3-savings/ (last visited January 14, 2015).

13. As the President of Green4All Energy Solutions, Inc., Defendant Handley was personally involved in the infringing activities as alleged herein.

14. Defendant Handley actively induced the infringement by Defendant Green4All.

## COUNT I
### Direct Patent Infringement by Defendant Green4all
### 35 U.S.C. §271(a)

15. Plaintiff restates and reincorporates into this Count the allegations of Paragraphs 1 through 14 herein.

16. Upon information and belief, Defendant Green4All has directly infringed the '981 Patent under 35 §271(a) by, *inter alia*, making, using, or selling the H2minusO® product.

17. Upon information and belief, Defendant Green4All lacks a justifiable belief that there is no infringement, or that the infringed claims are invalid, or alternatively, it has acted with objective recklessness in its infringing activity.  Defendant Green4All's infringement is therefore willful, and Plaintiff is entitled to an award of exemplary damages, attorney's fees, and costs for bringing this action.

18.     Defendant Green4All's infringement has deprived Plaintiff of sales which it otherwise would have made and has in other respects injured Plaintiff. Plaintiff will suffer added injury and loss of profits unless enjoined by this Court.

19.     The Plaintiff has been damaged by the acts of infringement complained of herein.

20.     The Plaintiff has no adequate remedy without the intervention of this Court.

21.     This case is "exceptional" within the meaning of 35 U.S.C. § 285.

## COUNT II
### Indirect Patent Infringement by Defendant Green4All
### 35 U.S.C. §271(b)-(c)

22.     Plaintiff restates and reincorporates into this Count the allegations of Paragraphs 1 through 14 herein.

23.     Defendant Green4All has indirectly infringed the '981 Patent and is continuing to indirectly infringe the '981 Patent under 35 U.S.C. §271(b) by actively inducing direct infringement by end-users who are using the H2minusO® product. More specifically, Defendant Green4All is encouraging, aiding, or otherwise causing end users to directly infringe the '981 Patent. Defendant Green4All is aware of the '981 Patent and is aiding the direct infringement by others via instructions included with the H2minusO® product.

24.     Defendant Green4All has indirectly infringed the '981 Patent and is continuing to indirectly infringe the '981 Patent under 35 U.S.C. §271(c) by contributing to the direct infringement by end-users who are using the H2minusO® product. Defendant Green4All is providing parts or components that are not staple articles and that have no other substantial non-infringing use.

25.     Upon information and belief, Defendant Green4All lacks a justifiable belief that there is no infringement, or that the infringed claimed are invalid, or alternatively, it has acted

with objective recklessness in its infringing activity.  Defendant's infringement is therefore willful, and Plaintiff is entitled to an award of exemplary damages, attorney's fees, and costs for bringing this action.

26. Defendant Green4All's infringement has deprived Plaintiff of sales which it otherwise would have made and has in other respects injured Plaintiff.  Plaintiff will suffer added injury and loss of profits unless enjoined by this Court.

27. The Plaintiff has been damaged by the acts of infringement complained of herein.

28. The Plaintiff has no adequate remedy without the intervention of this Court.

29. This case is "exceptional" within the meaning of 35 U.S.C. § 285.

## COUNT III
### Indirect Patent Infringement by Defendant Handley
### 35 U.S.C. §271(b)

30. Plaintiff restates and reincorporates into this Count the allegations of Paragraphs 1 through 14 herein.

31. Defendant Handley has indirectly infringed the '981 Patent and is continuing to indirectly infringe the '981 Patent under 35 U.S.C. §271(b) by actively inducing direct infringement by Defendant Green4All.  More specifically, Defendant Handley is encouraging, aiding, or otherwise causing Defendant Green4All to directly infringe the '981 Patent. Defendant Handley is aware of the '981 Patent and is aiding the direct infringement by Defendant Green4All.

32. Upon information and belief, Defendant Handley lacks a justifiable belief that there is no infringement, or that the infringed claimed are invalid, or alternatively, it has acted with objective recklessness in its infringing activity.  Defendant Handley's infringement is

therefore willful, and Plaintiff is entitled to an award of exemplary damages, attorney's fees, and costs for bringing this action.

33. Defendant Handley's infringement has deprived Plaintiff of sales which it otherwise would have made and has in other respects injured Plaintiff. Plaintiff will suffer added injury and loss of profits unless enjoined by this Court.

34. The Plaintiff has been damaged by the acts of infringement complained of herein.

35. The Plaintiff has no adequate remedy without the intervention of this Court.

36. This case is "exceptional" within the meaning of 35 U.S.C. § 285.

## COUNT IV
### False Marking by Defendants Handley and Green4All
### 36 U.S.C. §292(b)

37. Plaintiff restates and reincorporates into this Count the allegations of Paragraphs 1 through 14 herein.

38. Defendants have falsely marked the H2minusO® as being "patent pending" in its commercial literature when, upon information and belief, no application has been filed in the name of Defendant Green4All Energy Solutions, Inc. On information and belief, the application Defendants were referring to was in fact the application of the Plaintiff.

39. Plaintiff has been competitively harmed in commerce by this false marking because the marking tends to persuade customers and potential customers that the H2minusO® product, which marketed and sold competitively with Plaintiff's "Smart Valve™", is superior to Plaintiff's product.

40. The false marking complained of herein also implies that the Defendants invented, or are otherwise responsible for novelty of, the "Smart Valve™" product when such is not the case.

41. Plaintiff seeks injunctive relief to preclude Defendants from any further marking and advertising that Defendants' products as "patent pending." The harm suffered by the Plaintiff is irreparable.

42. Plaintiff also seeks monetary recovery sufficient to compensate it for the competitive injury resulting from Defendants' false marking.

43. Because of the blatant and willful nature of Defendants' false marking and marketing, Plaintiff submits this is an exceptional case and seeks its reasonable attorney's fees under 35 U.S.C. § 285.

**WHEREFORE**, Plaintiff prays that:

A. An injunction be granted preliminarily and permanently restraining Defendants and all those in privity with it from further infringement of Plaintiff's '981 Patent.

B. Defendants be required to account to Plaintiff for the damages recoverable by Plaintiff under 35 U.S.C. §284 as a result of the wrongful making, using, and selling of Plaintiff's invention as claimed in Plaintiff's Patent '981, the exact extent of which cannot now be determined by Plaintiff, and that all of such damages be trebled.

C. Plaintiff be awarded reasonable attorney's fees;

D. Plaintiff be allowed its costs; and

E. Such other and further relief be granted to which Plaintiff may be justly entitled.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Date: February 20, 2015

Respectfully submitted,

*/s/ Michael J. Colitz, III*
Michael J. Colitz, III
Florida Bar Number 164348
Trial Counsel
GrayRobinson, PA
401 East Jackson Street, Suite 2700
Tampa, Florida 33602
Telephone: 813/273-5000
Facsimile: 813/273-5145
michael.colitz@gray-robinson.com

\5500050\3 - # 5673537 v2